UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JACOB B. WEST,                )
                              )
        Petitioner,            )
                              )
    v.                         )        No. 4:15 CV 45 DDN
                              )
TERRY RUSSELL,                )
                              )
        Respondent.            )

**MEMORANDUM**

This action is before the court upon the petition of Missouri state prisoner Jacob B. West for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The parties have consented to the plenary authority of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). On May 16, 2017, the court heard counsel in oral argument on the issues presented by the petitioner. For the reasons set forth below, the petition for a writ of habeas corpus is granted.

**I. BACKGROUND**

On July 14, 2010, petitioner Jacob B. West was charged by Information in the Twenty-Third Judicial Circuit Court (Jefferson County, Missouri) with first degree assault on Christa Robertson, by shooting her in the knee with a shotgun (Count 1) and with armed criminal action, regarding the Count 1 offense (Count 2). (Doc. 7, Ex. 1 at 45-47).

On November 14, 2011, petitioner, with the advice of counsel, in writing waived his right to an arraignment and pled not guilty to the charges against him. (*Id.* at 48).

By letter dated January 9, 2012, the prosecutor, in exchange for a guilty plea, offered to recommend concurrent sentences of 12 years imprisonment in the Missouri

Department of Corrections. (*Id.* at 49). On January 9, 2012, petitioner and his counsel signed the prosecutor's letter agreeing to this plea agreement. (*Id.*).

On January 9, 2012, petitioner and his counsel appeared before the circuit court and entered a plea of guilty to the charges in Case No. 10JE-CR02292-01. (*Id.* at 50-60).

On April 2, 2012, petitioner, after allocution, was sentenced to two concurrent terms of 12 years incarceration in the Missouri Department of Corrections. (*Id.* at 67, 73-75).

In July 2012, petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035. (Doc.1, Ex. 1 at 2). Petitioner was appointed counsel, who filed an amended motion that alleged petitioner's plea counsel was ineffective because he never advised petitioner that the jury, had he gone to trial, could have been instructed on a lesser included offense, such as second degree assault. (Doc.1, Ex. 1 at 2). Petitioner's motion was denied on April 8, 2013. (Doc.1 at 2; Doc.7, Ex. 1 at 28). Petitioner appealed this decision to the Missouri Court of Appeals, which affirmed the circuit court's decision on April 15, 2014. (Doc.1, Ex. 1 at 2).

Petitioner requested a hearing on his petition for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, but both the petition for relief and request for a hearing were denied. (Doc. 1, Ex. 4 at 7, Doc. 1, Ex. 5 at 1). On January 10, 2015, petitioner filed the instant petition for habeas corpus under 28 U.S.C. § 2254. (Doc.1, Ex. 1). Petitioner alleges that his plea counsel was ineffective because he failed to advise petitioner of the difference between first and second degree offenses as to intent, and that a jury could be instructed at trial on a lesser included offense of second degree assault. (Doc.1, Ex. 1 at 1). Petitioner claims that there were facts that would have supported a second degree assault outcome, such as:

(1) West's statements, supported by witnesses Robertson, Michalik and Courtwright, that West asked them over 20 times to leave;
(2) Witnesses' original statements that West did not intend to shoot anybody; and

2

(3) The basic reality that the assault in question arose quickly and spontaneously from a night of alcohol-fueled partying in which everyone was getting along.

(Doc.1, Ex. 1 at 8).

Petitioner also alleges that, had he been granted an evidentiary hearing, he would have presented testimony from his plea counsel that counsel told petitioner that petitioner "had no choice but to plead guilty" and that "he never explained the differences between pleading guilty to first and second degree assault and that he never advised him that if he took his case to a jury trial a lesser included offense of second degree assault would have been given to the jury." (Doc. 1, Ex. 1 at 3-4). Petitioner claims he would have presented other evidence that would have supported his ineffective assistance of counsel claim. (Doc.1, Ex. 1 at 3-4). Petitioner alleges that instead of advising him on the intricate differences between first and second degree assault, so that petitioner had the opportunity to make an informed and knowing plea, petitioner's plea counsel "pressured him to plead guilty because he said West couldn't beat the charges and that . . . if West didn't plead guilty, he could go to prison for 30 years." (Doc. 1, Ex. 1 at 3).

## II. PETITIONER'S GROUND FOR FEDERAL HABEAS RELIEF

Petitioner alleges one ground for habeas relief:

His plea was made unknowingly and involuntarily based upon ineffective assistance of counsel, which violated his U.S. Constitutional rights under the Sixth and Fourteenth Amendments.

(Doc. 1, Ex. 1 at 8).

Respondent contends that this ground is without merit.

## III. EXHAUSTION AND PROCEDURAL BAR

State prisoners are required to first exhaust their state law remedies before bringing a petition under 28 U.S.C. § 2254. If a prisoner "has the right under the law of the State to raise, by any available procedure, the question presented," he has not exhausted his state law remedies. 28 U.S.C. § 2254(c). In Missouri, an appeal to the

intermediate state appellate court sufficiently exhausts state remedies to permit federal habeas review under Section 2254. *See* Mo. Sup. Ct. R. 83.04; *Randolph v. Kemna*, 276 F.3d 401, 404 (8th Cir. 2002) ("Rule 83.04 ... makes clear that Missouri does not consider a petitioner who bypasses its supreme court in favor of federal habeas review to have denied the State its rightful opportunity to resolve federal constitutional claims.") (citations omitted). As stated above, petitioner timely filed a motion to vacate and appealed that denial to the Missouri Court of Appeals on the same ground that is alleged herein. Petitioner then timely filed this petition. Accordingly, his claims have been properly exhausted and are not procedurally barred.

## IV. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), habeas relief can only be granted by a federal court on a claim that has been decided on the merits by a state court when that adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In order for a state court decision to be "contrary to" Supreme Court precedent, it must arrive at an opposite result than the Supreme Court when confronting facts that are materially indistinguishable from a relevant Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). When analyzing claims under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a State Court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). In order to rebut this presumption, a petitioner must present clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

4

Petitioner alleges that he received ineffective assistance of counsel from his plea counsel, in violation of the Sixth Amendment. (Doc. 1, Ex. 1 at 8). In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate both that counsel was incompetent and that he suffered prejudice because of this incompetence. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The second prong of this analysis is based on the determination by the Supreme Court that "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

The same standard applies to allegations of ineffective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). When determining whether plea counsel was incompetent, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 57 (citations omitted). The second prong in the context of a guilty plea "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process . . . but for counsel's error, he would not have pleaded guilty and would have instead gone to trial." *Id.* at 59. In order to determine if counsel's constitutionally ineffective performance affected the outcome of the plea process, the court can consider the strength of a proposed defense. *Id.* at 59-60.

## EVIDENTIARY HEARING

AEDPA permits evidentiary hearings on federal habeas review, but with significant restrictions. If an applicant has failed to develop the factual basis of a claim in state court proceedings, no evidentiary hearing is permitted, unless the applicant shows that

> (A) the claim relies on
>    (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. 2254(e)(2).

Because this limitation only applies to prisoners who failed to develop the factual basis of their claim in state court proceedings, the first question is whether the relevant facts were developed in state court, and, if not, whether it was due to a failure of petitioner. Such a failure is established by lack of diligence or some greater fault attributable to petitioner or his counsel. If petitioner has diligently pursued an issue in state court, he is not precluded from seeking an evidentiary hearing. *Townsend v. Sain*, 372 U.S. 293 (1963) (overruled on other grounds by *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992)).

In this case, petitioner claims that his attorney failed to inform him that there were lesser-included offenses of which a jury could convict him and never discussed the differences in the elements between first- and second-degree assault, which is essentially the level of intent required. He raised these claims in a motion for post-conviction relief, but the post-conviction relief court entered judgment on his claims without a hearing, despite petitioner's request for one. (Doc. 7, Ex. 1 at 4-5, 20-21, 26). Petitioner raised these claims again on appeal, but was again denied. Accordingly, petitioner alleges that he was never permitted to offer proof of his ineffective assistance of counsel claim at a hearing. Respondent argues that this was due to petitioner's own failure, because, on post-conviction appeal, petitioner conceded that the failure to advise a defendant of a defense a lay defendant should know about would not entitle petitioner to a hearing. (Doc. 18 at 6, citing Doc. 7, Ex. 2 at 12). But petitioner was arguing that the post-conviction relief court had erred in denying him a hearing; he was not conceding that he was not entitled to a hearing. He argued that because the defenses in question were not defenses a lay defendant would know of, he was, in fact, entitled to a hearing.

Furthermore, petitioner's concession does not mean he failed to develop the factual grounds at issue—on the contrary, the record shows that he diligently pursued an

6

opportunity to develop these facts. The restrictive language of § 2254(e)(2) is intended to distinguish "between a prisoner who is at fault and one who is not." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). As the Supreme Court explained in its analysis of the statute:

> The purpose of the fault component of "failed" is to ensure the prisoner undertakes his own diligent search for evidence. Diligence for purposes of the opening clause depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend . . . upon whether those efforts could have been successful.

*Id*. The record shows that petitioner made a reasonable attempt to investigate and pursue his claims, precluding the application of the § 2254(e)(2) hearing restriction. He referenced the trial court transcript and referred to his attorney's case file, as well as sought to obtain testimony from his attorney. (Doc. 7, Ex. 1 at 20-26). Accordingly, this court now evaluates the propriety of a hearing. *Townsend*, 372 U.S. at 313. The burden is on the petitioner to allege sufficient facts to support the grant of an evidentiary hearing.

In exercising discretion to hold an evidentiary hearing, this court will focus on whether a new evidentiary hearing would have the potential to advance the petitioner's claim. That is, whether petitioner's allegations, if true, would establish his right to relief. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Petitioner was denied a hearing at the state court level. Petitioner argues that this makes his claim essentially one under § 2254(d)(2), that is, that the failure of the state court to make any fact findings related to his claim means the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(e)(2).

This court acknowledges that there was no evidentiary hearing on the motion for post-conviction relief in state court, but this does not convert petitioner's claim of ineffective assistance of counsel from a § 2254(d)(1) review for legal error to a § 2254(d)(2) review for factual error. The only ground plaintiff has raised is that his plea was made unknowingly and involuntarily based upon the ineffective assistance of counsel, which violated his constitutional rights under the Sixth and Fourteenth Amendments. Petitioner has characterized this ground as one of legal error.

7

Accordingly, an evidentiary hearing is not required, because the consideration of the legal questions at issue can be resolved by reference to the state court record. *See Schriro*, 550 U.S. at 474.

Moreover, the Supreme Court has limited the evidence available in § 2254(d)(1) claims to the state-court record, because § 2254(d)(1) review measures what a state court knew and did against the Supreme Court's precedents at that time. *Cullen v. Pinholster*, 563 U.S. 170, 181-83 (2011). "It would be contrary to that purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*." *Id.* at 182. Accordingly, this court declines to consider new evidence at a hearing on this habeas petition. It conducts its review of the habeas petition based on the state-court record.

## V. DISCUSSION

This court first addresses whether the alleged constitutionally ineffective assistance of petitioner's counsel prejudiced the outcome of the case, because but for counsel's incompetence, petitioner would not have pled guilty but have gone to trial. This determination turns on the likely success of petitioner's potential defense to second degree assault, based on sudden passion or recklessness theories. This court will then address whether the law applied by the state courts in determining whether the plea counsel was ineffective was contrary to established federal law, as determined by the Supreme Court.

### A. The Alleged Ineffective Assistance Was Prejudicial

Petitioner alleges that he would have gone to trial had he known that the jury would have been instructed on the lesser included offense of second degree assault. (Doc. 1-1 at 8-9). He contends he would have raised either sudden passion or recklessness as a defense for his first degree assault charge in order to get a second degree assault instruction submitted to the jury. (Doc. 1, Ex. 1 at 8-9). Respondent

8

counters that, even if plea counsel had informed petitioner of the potential for having a lesser included offense instruction submitted to the jury on second degree assault, petitioner would not have insisted on going to trial, because petitioner had no good defense. (Doc. 7 at 13-19). Respondent also counters that even if petitioner could have been convicted of second degree assault, the lack of a maximum sentence for the armed criminal action charge would have led petitioner to accept the guilty plea regardless of whether petitioner could have been convicted of second degree assault rather than first degree assault. (Doc. 7 at 19-20).

In determining whether plea counsel's failure to advise petitioner led him to plead guilty when he would have otherwise gone to trial, the court must look objectively at whether petitioner's proposed defenses would have likely succeeded at trial. *Hill*, 474 U.S. at 59-60. Under Missouri law, a defendant can be found guilty of second degree assault when the defendant "recklessly causes serious physical injury to another person." Mo. Rev. Stat. § 565.052.1(3). A person acts recklessly when "[h]e consciously disregards a substantial and unjustifiable risk that his conduct will result in serious physical injury and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." *State v. Nunley,* 353 S.W.3d 440, 443 (Mo. Ct. App. 2011) (citing Mo. Rev. Stat. § 562.021.4).

The distinguishing element between second and first degree assault is the intent of the defendant. Mo. Rev. Stat. § 565.050.1. A person is guilty of first degree assault when he "attempts to kill or knowingly causes or attempts to cause serious physical injury to another person." Mo. Rev. Stat. §§ 565.050.1; 565.052.1(1), (3). Where no such intent can be established, because the defendant acted recklessly or in the heat of passion, second degree assault is the appropriate consideration. Mo. Rev. Stat. § 565.052.1(1), (3).

It is reasonable to believe that petitioner could have been successful on a heat of passion theory for second-degree rather than first-degree assault. "A person commits the offense of assault in the second degree if he . . . knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising

out of adequate cause." Mo. Rev. Stat. § 565.052.1. Words alone are not sufficient to constitute adequate provocation, but there must be a "sudden or unexpected encounter tending to excite passion beyond control." *State v. Huff*, 831 S.W.2d 752, 755 (Mo. Ct. App. 1992). The facts presented at the plea hearing indicated that the victim had been at defendant's house partying, petitioner was tired and wanted everyone to leave, and when they repeatedly refused to leave his home, he took a shotgun from the top of a shelf and shot the victim. (Doc. 7, Ex. 1 at 55-56). A heated argument in the early morning after hours of intoxication and partying, with the victim refusing to leave petitioner's home, "would reasonably produce a degree of passion in a person of ordinary temperament sufficient to substantially impair an ordinary person's capacity for self control." Mo. Rev. Stat. § 565.002(1).

It is also reasonable to believe that petitioner could have been successful on a recklessness theory for second-degree rather than first-degree assault. The Missouri Supreme Court has held that the irresponsible use of a gun can support a finding of recklessness. *State v. Belton*, 153 S.W.3d 307, 309 (Mo. banc 2005). A defendant can be found guilty of second degree assault on the theory of recklessness when he "consciously disregards a substantial and unjustifiable risk that his conduct will result in serious physical injury and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." *Nunley*, 353 S.W.3d at 443. In *Nunley*, the defendant grabbed a gun as an argument escalated and pointed it at the victim, and while he and the victim were "tussling," the gun "went off." *Id.* The Missouri Court of Appeals held that this constituted sufficient evidence to establish that the defendant acted recklessly. In this case, petitioner also admitted shooting the victim, but he never admitted to doing so intentionally. (Doc. 1, Ex. 1 at 2-3, Ex. 2 at 6-7). The only facts established by the state court are as follows: Petitioner and his friends had been drinking early into the morning. (Doc. 7, Ex. 1 at 55-56, 61-62). Petitioner was tired and wanted everyone to leave, and when they didn't, he retrieved a shotgun from the top of a china cabinet, intending to scare the victim and the others into leaving the house. *Id.* He pointed the gun at the victim and shot her in the knee, ejecting the round and then

10

running out of the house. *Id.* Shortly thereafter, he turned himself in and fully cooperated with authorities. *Id.*

While "it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding," "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693. All the petitioner needs to demonstrate here is that there is a "reasonable probability" the outcome would have been different but for counsel's ineffective assistance. *Strickland*, 466 U.S. at 694. West has met that burden.

B. The State Court Determination Was Contrary to Clearly Established Federal Law

The Circuit Court of Jefferson County found that petitioner did not receive ineffective assistance of counsel and the Missouri Court of Appeals affirmed that decision. In the circuit court's judgment, petitioner's plea was knowingly and intelligently made and counsel was not ineffective, as "plea counsel did not have a duty to discuss with Movant every possible aspect of a jury trial." (Doc. 1, Ex. 5 at 1). In affirming this decision, the Missouri Court of Appeals cited the fact that "[petitioner] testified that he understood his right to present a defense, which would include the defense theories set forth in his motion." (Doc. 1, Ex. 6 at 7). Because the court was not "convinced that the possibility of being convicted of a lesser offense to first-degree assault is beyond a lay person's realm of knowledge," it affirmed the denial of petitioner's motion. (*Id.* at 9).

In coming to this conclusion, the state courts relied on two cases. In the first, the Missouri Court of Appeals determined that petitioner's counsel was not ineffective because "the record clearly show[ed] that Muhammed testified that he was informed of the relevant defenses, the nature and elements of the offenses charged." *Muhammed v. State*, 367 S.W.3d 659, 663 (Mo. Ct. App. 2012). As the possibility of a lesser included offense is neither "beyond the realm of knowledge of a lay person" nor requires a "level of specialized knowledge," the court held that Muhammed's testimony that he was made aware of the relevant defenses and nature of the crime is sufficient to demonstrate that his

11

plea was made knowingly and intelligently. *Id.* "Defense counsel's failure to advise Muhammed of commonly known principles of law" was insufficient to "overcome the strong presumption that defense counsel's performance was reasonable." *Id.*

The Missouri Court of Appeals also relied on *Wedlow* in determining that petitioner did not receive ineffective assistance of counsel. *Wedlow v. State*, 841 S.W.2d 214 (Mo. Ct. App. 1992). The court cited *Wedlow* for the specific point that "[w]hen a movant understands that by pleading guilty he is waiving the right to a jury trial, the movant does not have a right to be specifically informed of each detail of the trial by jury that he is waiving." *Id.* at 217-18. The court cited the fact that "[petitioner] testified that . . . he understood his right to a jury trial." (Doc. 1, Ex. 6 at 7). Furthermore, the court cited petitioner's testimony that he "understood that if he pleaded guilty, he would give up the right to present any defense." (Doc. 1, Ex. 6 at 7). Therefore, the court held that plea counsel did not render ineffective assistance of counsel as petitioner was sufficiently made aware of his rights regarding a trial and willingly waived those rights.

These circuit and appellate court decisions were contrary to Supreme Court law relevant to this case. Petitioner's case is distinguishable from the Missouri cases relied on. Unlike *Muhammed* and *Wedlow*, the record here does not show that petitioner was informed of the relevant defenses and elements of the offenses charged. The plea and sentencing courts never asked him. The only questions the court asked at the plea hearing about petitioner's understanding of his charges and his representation by counsel are as follows:

> Q: You are represented here today by Mr. Gruberman; is that correct?
> 
> A: Yes, Your Honor.
> 
> Q: And you discussed your case with him?
> 
> A: Yes, Your Honor.
> 
> Q: Have you had ample opportunity to discuss everything about your case?
> 
> A: Yes, Your Honor.

(Doc. 1, Ex. 2 at 3).

In *Henderson v. Morgan*, the Supreme Court held that a guilty plea to second degree murder was involuntary when defense counsel did not fully explain to the defendant the intent requirement of the crime. 426 U.S. 637, 646 (1976). Petitioner has sought to produce the testimony of his defense counsel that counsel did not explain the element of intent as it relates to first degree and second degree assault charges. The transcript of the plea hearing reveals that the circuit court never asked petitioner if he understood the elements of the crimes with which he was charged.

The state courts' finding that petitioner made his plea knowingly and voluntarily – because everyone should know that where there is a first-degree charge there could be a second-degree defense – is contrary to federal law. The *Henderson* court did not hold that the difference between first and second degree offenses was or should be common knowledge; on the contrary, it determined that the failure to explain the element of intent and the difference between relevant degrees of crimes constituted ineffective assistance of counsel and rendered a plea involuntary and unknowing. *Henderson*, 426 U.S. at 646. The *Henderson* decision does not require a complete enumeration of the elements of the offense to which a defendant pleads guilty, because "[n]ormally the record contains either an explanation of the charge by the trial judge, or at least a representation . . . that the nature of the offense has been explained to the accused." *Henderson*, 426 U.S. at 647. The record petitioner's case contains no such explanation or representation.

Even when the record does not, "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* While there is a strong presumption that counsel has explained the elements of a charge to a defendant, here petitioner's trial counsel would testify that he did not in fact explain the difference in intent between first and second degree assault, or the fact that petitioner could have asked for a lesser-included-offense instruction at trial. (Doc. 1, Ex. 1 at 4). As in *Henderson*, "[t]here is nothing in this record that can serve as a substitute for either a finding after trial, or a voluntary admission, that [petitioner] had the requisite intent." *Henderson*, 426 U.S. at 646.

13

Petitioner pled guilty to shooting the gun, but he never admitted that he did so with the requisite intent or that he understood the nature of the offense.  In these circumstances, the record does not establish that his plea to the not-fully-explained charge of first-degree assault was knowing.  The facts stated at the plea hearing do not refute petitioner's claims.  The state courts unreasonably applied the law in finding that the record refuted petitioner's claim of ineffective assistance of counsel.    Petitioner's guilty plea was unknowing and the judgment of conviction was entered without due process of law.

## **VII. CONCLUSION**

For the reasons set forth above, the petition of Jacob West for a writ of habeas corpus is granted.  His subject convictions and sentences are vacated.  Petitioner is to be released from Missouri state custody, unless he has an opportunity to withdraw his guilty plea within 60 days of this date and thereafter proceed to trial.

An appropriate Judgment Order is issued herewith.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on August 11, 2017.