UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB B. WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 45 DDN |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER
## GRANTING MOTION TO ALTER OR AMEND THE JUDGMENT

This action is before the court on respondent's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which was filed on the twenty-eighth day following the entry of the Judgment Order. Fed. R. Civ. P. 59(e) (prescribing 28 days for the filing of motion). Rule 59(e) authorizes the court to correct its mistakes "in the period immediately following the entry of judgment." *Turner v. Cassady*, 2017 WL 878033, at *2 (E. D. Mo. 2017) (quoting *White v. N. H. Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). Respondent argues that the court's decision is premised on manifest errors and that the petition for a writ of habeas corpus should be denied.

First, respondent asserts that the state court determined the petitioner's plea counsel informed petitioner of the availability of lesser-included offenses. (Doc. 26) (*citing* Doc. 7 at 11-13). Respondent argues this court should have given deference to this state court conclusion. However, all the state courts determined as a matter of fact was that petitioner "understood his right to present a defense." (Doc. 26, Ex. D at 7). The Missouri Court of Appeals held as a matter of law that "[t]he possibility of conviction of an offense less than first-degree assault neither is beyond the realm of knowledge of a lay person nor requires a level of specialized knowledge." (*Id.*) (citations omitted). The state courts made no finding that West was or was not informed of lesser-

included offenses or the elements of the offenses; the state courts instead held that, as a matter of law, such findings are not required, because a lay person should know about lesser-included offenses.

This court's decision defers to the state court's factual findings, namely, that petitioner testified he understood his right to present a defense, but holds that the state court's legal determination is contrary to Supreme Court precedent in *Henderson v. Morgan*, 426 U.S. 637, 645-47 (1976) (holding that a lay person would not know about the elements of a crime or the differences between charged and lesser-included crimes).

However, respondent's motion brings to light the evidentiary deficiencies of the court's decision. Upon reconsideration, the court's decision without an evidentiary hearing was premature. Although petitioner's claim is a legal one, had the state courts followed Supreme Court precedent, further evidence would have been required to address petitioner's claims. Accordingly, consideration of the legal questions at issue cannot be resolved by reference to the record before this court. Because the state courts did not allow petitioner to present any evidence at an evidentiary hearing, petitioner may also allege that there is no reasonable basis for the state court to deny relief, and, for the reasons discussed in this court's original decision (Doc. 23 at 5-8), the court will hold an evidentiary hearing on petitioner's claim. *See Earp v. Oronski*, 431 F.3d 1158, 1167 (9th Cir. 2005).

As to respondent's second argument, that the failure of petitioner's counsel was not prejudicial, respondent relies primarily on allegations, not facts determined by the state court, and there are numerous contrary allegations to support a lesser finding of intent. The court is persuaded that, based on the facts as found by the state courts, and without reference to additional allegations, a failure of petitioner's counsel to inform him of the intent requirements of the charged crime and lesser-included offenses would be prejudicial. The question is now only an evidentiary one: what information petitioner's defense counsel provided to him.

Accordingly,

**IT IS HEREBY ORDERED** that respondent's motion to alter or amend the judgment (Doc. 26) is **GRANTED.** The Judgment Order issued on August 11, 2017 (Doc. 24) is vacated. The court will hold an evidentiary hearing limited to the representations made by petitioner's plea counsel to petitioner.

**IT IS FURTHER ORDERED** that respondent's motion for an extension of time (Doc. 27) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that a scheduling conference of the court with counsel for all parties is set for October 24, 2017, at 10:00 a.m.

            /s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on September 21, 2017.