# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JACOB B. WEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15 CV 45 DDN |
| | ) | |
| TERRY RUSSELL, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER
## DENYING MOTION TO ALTER OR AMEND THE JUDGMENT

This matter is before the Court on petitioner's motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). (Doc. 57). The Court initially granted petitioner a writ of habeas corpus (Doc. 24), but following a post-judgment evidentiary hearing, issued a second judgment denying the petition on September 10, 2018. (Doc. 55). Petitioner seeks to amend this second judgment. (Doc. 57). Respondent has not responded.

Rule 59(e) motions seek a substantive change in a judgment. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1432 (8th Cir. 1992). They "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. Of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). They cannot be used to introduce new evidence, offer new legal theories, or raise arguments that could have been raised before the entry of judgment. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Thus, arguments and evidence that could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion. *Peters v. General Service Bureau, Inc.*, 277 F.3d 1051, 1057 (8th Cir. 2002).

Petitioner argues that the Court's decision overlooks facts that demonstrate petitioner's right to relief and also rests on findings of fact that are not fully supported by the record. (Doc. 57). After careful consideration of each of petitioner's arguments, the Court concludes that the motion does not provide grounds for relief from this Court's order. Petitioner has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law.

As the Court stated in its memorandum opinion (Doc. 55), the testimony of petitioner's attorney at the evidentiary hearing contradicted the basis upon which the Court initially granted petitioner a writ of habeas corpus. The Court credited petitioner's attorney's version of the events. For the reasons discussed in its memorandum opinion, the Court is not persuaded that petitioner's attorney failed to inform him of any constitutionally-required information, or that petitioner's choice to plead guilty was the result of any constitutionally defective process.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to alter or amend the judgment (Doc. 57) is **DENIED.**

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on October 22, 2018.